UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
BARRINGTON McFARLANE,                                        :
:
        Plaintiff,                                   : Civil Action No. 1:17-CV-09739-DLC
:
        - against -                                 :
:
IRON MOUNTAIN INFORMATION                                    :
MANAGEMENT SERVICES, INC.,                                   :
RANDY CREGO, and STUART MEYER,                               :
:
        Defendants.                                  :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS

HUNTON & WILLIAMS LLP

    Joshua S. Paster
    200 Park Avenue
    New York, NY 10166-0005
    212 • 309 • 1000
    jpaster@hunton.com

    *Attorney for Defendants Iron Mountain Information Management Services, Inc., Randy Crego, and Stuart Meyer*

## TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................................4
II.  RELEVANT PROCEDURAL HISTORY ...........................................................5
   A.  Background..........................................................................................................5
   B.  Baseless & Bad Faith Filing Of *McFarlane II* ..................................................5
III. PLAINTIFF'S BAD-FAITH PROCEDURAL TACTICS SHOULD RESULT IN SANCTIONS AGAINST PLAINTIFF'S COUNSEL IN THE FORM OF DEFENDANTS' ATTORNEYS' FEES AND COSTS ......................................................7
IV.  CONCLUSION .....................................................................................................9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brown v. Plansky*,
   24 F. App'x 26 (2d Cir. 2001) ....................................................................................................7

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) ......................................................................................................................7

*Curtis v. Citibank N.A.*,
   226 F.3d 133 (2d Cir. 2000) .......................................................................................................6

*Enmon v. Prospect Capital Corp.*,
   675 F.3d 138 (2d Cir. 2012) .......................................................................................................8

*Frank v. Walgreens Co.*,
   2010 WL 3119267 (E.D.N.Y. Aug. 4, 2010)..............................................................................4

*Gust, Inc. v. AlphaCap Ventures, LLC*,
   226 F. Supp. 3d 232 (S.D.N.Y. 2016).........................................................................................8

*Helms v. Wells Fargo Bank, N.A.*,
   2013 WL 12188349 (N.D. Tex. Dec. 17, 2013) .........................................................................4

*McFarlane v. Iron Mountain Incorporated, et al.*,
   1:17-CV-03311-DLC (S.D.N.Y.)........................................................................................*passim*

*Monkelis v. Mobay Chem.*,
   827 F.2d 935 (3rd Cir. 1987) ......................................................................................................8

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999) ....................................................................................................................4

*Ransmeier v. Mariani*,
   718 F.3d 64 (2d Cir. 2013) .........................................................................................................7

*Silva v. City of Madison*,
   69 F.3d 1368 (7th Cir. 1995) ......................................................................................................4

*Suares v. Verizon Commc'ns Inc.*,
   2012 WL 4571030 (S.D.N.Y. Sept. 29, 2012)............................................................................4

*Washington v. Williams*,
   696 F. Supp. 237 (S.D. Miss. 1988)...........................................................................................8

**Statutes**

28 U.S.C. § 1927 ................................................................................................................. 4, 7, 8

**Other Authorities**

Fed. R. Civ. P. 4 ............................................................................................................................ 4

Fed. R. Civ. P. 12 .......................................................................................................................... 4

Fed. R. Civ. P. 81 .......................................................................................................................... 4

Defendants Iron Mountain Information Management Services, Inc., Randy Crego and Stuart Meyer (collectively "Defendants"),[1] by and through counsel, hereby submit this memorandum of law in support of Defendants' motion for fees and costs, showing the Court as follows:

## I. INTRODUCTION

Defendants herein seek the fees and costs they have been unnecessarily forced to incur due to Plaintiff's counsel's bad faith litigation tactics engaged in the above-captioned case.[2] Plaintiff's counsel has unreasonably and vexatiously multiplied the proceedings in these actions in bad faith warranting the imposition of sanctions on him in the form of Defendants' attorneys' fees and expenses. Specifically, Plaintiff's counsel has filed this case ("*McFarlane II*"), which is wholly duplicative of the related case *McFarlane v. Iron Mountain Incorporated, et al.*, 1:17-CV-03311-DLC (S.D.N.Y.) ("*McFarlane I*"), in a bad-faith attempt to circumvent this Court's orders in *McFarlane I*. His bad-faith litigation tactics warrant the imposition of sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority.

---

[1] By this filing, Defendants do not concede that they have been properly served or are properly-named Defendants in this action. To date, Iron Mountain Management Services, Inc. has not been served in this redundant action. While Plaintiff attempted to serve Stuart Meyer and Randy Crego, the attempted service was defective as Plaintiff served a state-court summons on Ms. Meyer and Mr. Crego after the case had been removed to federal court. *See* Fed. R. Civ. P. 81(c)(1) (providing that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court."); *Frank v. Walgreens Co.*, 2010 WL 3119267 (E.D.N.Y. Aug. 4, 2010) (service of state-court process after defendants removed case to federal court did not satisfy Rule 4). Because Defendants have not been effectively served, they are under no obligation to answer or respond to Plaintiff's complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999) (the duty to respond to a complaint under Federal Rule 81 is not triggered until formal service of process is completed) (approving of *Silva v. City of Madison*, 69 F.3d 1368 (7th Cir. 1995) (defendant must receive formal service of process before being required to respond under Rule 81)); *see also Suares v. Verizon Commc'ns Inc.*, 2012 WL 4571030, *3 n.5 (S.D.N.Y. Sept. 29, 2012) ("holding that the time limits of Rule 81(c) were not triggered where Defendants were never served with a summons) (quoting *Silva*, 69 F.3d at 1371 ("a responsive pleading will be required under Rule 81(c) only when: the defendant is in receipt of the complaint; he has been served with a summons; and the complaint has been filed."); *Helms v. Wells Fargo Bank, N.A.,* 2013 WL 12188349 (N.D. Tex. Dec. 17, 2013) ("[I]mproper service does not trigger the filing deadlines in Rule 81(c)."). Defendants do not waive any defenses and hereby reserve the right to respond and assert any and all defenses to this action.

[2] Plaintiff's counsel has engaged in additional bad faith tactics in the related case, *McFarlane v. Iron Mountain Incorporated, et al.*, 1:17-CV-03311-DLC (S.D.N.Y.) ("McFarlane I"). A motion for fees is being filed in *McFarlane I* concurrently herewith.

4

## II.     RELEVANT PROCEDURAL HISTORY

### A.     Background

In early 2017, Plaintiff Barrington McFarlane ("Plaintiff") sued Iron Mountain Incorporated, Randy Crego, and Stuart Meyer for alleged discrimination and retaliation occurring during his employment with Iron Mountain Information Management Services, Inc. The first suit, originally filed in state court and subsequently removed to federal court, is now pending in this Court as *McFarlane I*. After the removal of *McFarlane I*, Plaintiff filed a frivolous motion to remand (*McFarlane I*, ECF No. 6), which was denied on June 22, 2017 (*McFarlane I*, ECF No. 10).

On May 11, 2017, Defendants answered Plaintiff's complaint, specifically stating that "Iron Mountain Incorporated was not Plaintiff's employer and therefore is not a proper defendant." (*McFarlane I,* ECF No. 4.)

The Court in *McFarlane I* issued a Pretrial Order (*McFarlane I*, ECF No. 19) that set September 8, 2017, as the deadline for joining parties, amending pleadings, and serving Defendants Crego and Meyer. The Order further set fact discovery to be completed by January 26, 2018, expert disclosures to be made by February 9, 2018, and rebuttal expert disclosures to be made by March 2, 2018. (*Id.*) All discovery must be completed by March 23, 2018. (*Id.*)

### B.     Baseless & Bad Faith Filing Of *McFarlane II*

Months after the September 8, 2017 deadline for amending pleadings had passed in *McFarlane I*, months after Defendants advised Plaintiff in their Answer that he had sued the wrong corporate defendant, and months after Plaintiff amended his complaint (but did not change the corporate defendant),[3] on November 30, 2017, Plaintiff filed a letter with the Court

---

[3] The Clerk notified the parties on August 25, 2017, that the filing of Plaintiff's Amended Complaint was deficient due to Plaintiff's failure to obtain leave of Court or Defendants' consent. (*McFarlane I*, ECF No. 26A.)

seeking to amend his complaint (*McFarlane I*, ECF No. 37), specifically seeking to change the corporate defendant from Iron Mountain Incorporated to Iron Mountain Information Management Services, Inc.  On December 1, 2017, the Court issued denied Plaintiff's request to amend, noting that Plaintiff's letter did not demonstrate good cause or explain why the corporate defendant's name was not amended on or before the deadline of September 8, 2017.  (*McFarlane I*, ECF No. 38.)

Rather than attempt to justify his blatant failure to comply with this Court's scheduling order, Plaintiff commenced a second lawsuit in state court on December 6, 2017, making the same essential allegations of *McFarlane I* and naming Iron Mountain Information Management Services, Inc. as the corporate defendant and Randy Crego and Stuart Meyer as individual defendants.  Defendants removed the second action to federal court, and it is now pending in this Court as the above-captioned case (*McFarlane II*).

As set forth more fully in Defendants' Motion to Dismiss filed concurrently herewith, *McFarlane II* was filed in a bad-faith attempt to circumvent this Court's orders in *McFarlane I* and is entirely duplicative of *McFarlane I*.  Plaintiff's claims against Defendants in *McFarlane II* are based on the same exact alleged conduct which forms the basis of *McFarlane I*—alleged discriminatory denial of promotions and alleged retaliation for engaging in protected activity. The filing of *McFarlane II* was baseless and warrants dismissal for it is well-established that "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant[s] at the same time[,]" and that a plaintiff cannot expand his legal rights and avoid the consequences of his delay in his original suit by filing a subsequent duplicative complaint.   *See Curtis v. Citibank N.A.*, 226 F.3d 133, 139, 140 (2d Cir. 2000) (affirming

---

Plaintiff did not take any steps to rectify this issue.  Rather, he responded to the Clerk merely by filing the Pretrial Order, which provided only a deadline.  (*Id.*, ECF No. 27.)

dismissal of portion of second action that included claims arising out of conduct occurring before plaintiffs filed operative complaint in first action); *see also Brown v. Plansky*, 24 F. App'x 26, 28 (2d Cir. 2001) (affirming the dismissal of a second complaint where it substantially duplicated the allegations raised in the first action and all of the claims raised in the second complaint were or could have been brought in the first action). In sum, there was absolutely no legitimate basis for the filing of *McFarlane II*. Plaintiff's counsel filed *McFarlane II* in bad faith to circumvent the Court's denial of Plaintiff's request to amend his complaint and the deadlines set forth by the Court in the *McFarlane I* Pretrial Order.

### III. PLAINTIFF'S BAD FAITH PROCEDURAL TACTICS SHOULD RESULT IN SANCTIONS AGAINST PLAINTIFF'S COUNSEL IN THE FORM OF DEFENDANTS' ATTORNEYS' FEES AND COSTS

Pursuant to 28 U.S.C. § 1927 and the Court's inherent authority to impose sanctions, Defendants should be awarded the costs, expenses, and attorneys' fees they have been forced to incur in removing *McFarlane II* from state to federal court, moving to dismiss *McFarlane II*, and otherwise defending themselves in *McFarlane II*. Under 28 U.S.C. § 1927, "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Further, it is black letter law that courts have inherent power to sanction parties and/or counsel for bad faith litigation tactics. *See Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013) ("[A] federal court – any federal court – may exercise its inherent power to sanction a party or an attorney who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'") (*quoting Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)).

Here, in contravention of the well-established rule against duplicative litigation, Plaintiff's counsel intentionally initiated *McFarlane II* based on the same underlying conduct at issue in *McFarlane I*. Knowing full well that *McFarlane II* mirrored the allegations presented in

*McFarlane I* (indeed, containing many identical allegations), Plaintiff's counsel nevertheless chose to burden this Court and Defendants with a duplicative action instead of filing a proper motion to amend his complaint and demonstrating good cause for his delay in *McFarlane I*. Plaintiff's counsel acted in bad faith in efforts to circumvent the Court's denial of Plaintiff's request to amend his complaint and the deadlines set forth by the Court in the *McFarlane I* Pretrial Order, thereby warranting the imposition of sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent powers.  *See, e.g., Monkelis v. Mobay Chem.*, 827 F.2d 935, 937 (3rd Cir. 1987) (stating that the deterrent effect of an award of attorneys' fees and costs will be beneficial upon those who contemplate duplicative litigation); *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 144-45 (2d Cir. 2012) (affirming sanctions against law firm for procuring a TRO in a state action without disclosing already pending federal action); *Washington v. Williams*, 696 F. Supp. 237 (S.D. Miss. 1988) (sanctions in the form of attorneys' fees ordered against plaintiff for duplicative litigation).

In sum, Plaintiff's counsel had no good faith basis for filing *McFarlane II*.  *See Gust, Inc. v. AlphaCap Ventures, LLC*, 226 F. Supp. 3d 232, 248 (S.D.N.Y. 2016) (finding counsel acted in bad faith warranting imposition of § 1927 sanctions where counsel's opposition to motion to transfer was baseless).  He unreasonably and vexatiously multiplied the proceedings between the parties thereby causing unnecessary duplication of effort by the Court and the parties, needless expense, and the waste of judicial and party resources.  Accordingly, pursuant to the Court's inherent power and 28 U.S.C. § 1927, this Court should order sanctions against Plaintiff's counsel in favor of Defendants in the form of attorneys' fees and costs incurred by Defendants in removing *McFarlane II* from state court, moving to dismiss *McFarlane II*, and otherwise

defending themselves in *McFarlane II*, in an amount to be fixed following the determination by the Court that Defendants are entitled to fees.

## IV.   CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant their motion for attorneys' fees and costs and order such other and further relief as the Court deems just and proper.

Dated: January 5, 2018

          Respectfully Submitted,

          HUNTON & WILLIAMS LLP

By: /s/Joshua S. Paster
    Joshua S. Paster
    200 Park Avenue
    New York, NY 10166-0005
    212 • 309 • 1000
    jpaster@hunton.com

    *Attorney for Defendants Iron Mountain Information Management Services, Inc., Randy Crego, and Stuart Meyer*

## **CERTIFICATE OF SERVICE**

      I hereby CERTIFY that the foregoing document was electronically filed with the Clerk of the Court using the Court's CM/ECF system and served by first class mail to Plaintiff's counsel at the address listed below, by depositing the same in a duly enclosed and sealed wrapper, with the correct postage thereon, in an official letter box duly maintained by the Government of the United States of America within the State of New York.

K.C. Okoli, Esq.
Law Offices of K.C. Okoli, P.C.
330 Seventh Avenue, 15th Floor
New York, NY  10001

      This 5th day of January, 2018.

                                                /s/ Joshua S. Paster
                                                Joshua S. Paster