```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :     17cv9739(DLC)
BARRINGTON McFARLANE,                    :
                                         :     OPINION AND ORDER
                      Plaintiff,         :
                                         :
         -v-                             :
                                         :
IRON MOUNTAIN INFORMATION MANAGEMENT     :
SERVICES, INC., RANDY CREGO, and         :
STUART MEYER,                            :
                                         :
                      Defendants.        :
                                         :
---------------------------------------- X
```

APPEARANCES

For the plaintiff:
K.C. Okoli
Law Offices of K.C. Okoli, P.C.
330 Seventh Avenue, 15th Floor
New York, NY 10001

For the defendants:
Joshua S. Paster
Hunton & Williams LLP
200 Park Avenue
New York, NY 10166

DENISE COTE, District Judge:

This employment discrimination case was filed in the Supreme Court of the State of New York, Bronx County, on or about December 6, 2017. Defendants removed the case, and this Court accepted it as related to another case before it, McFarlane v. Iron Mountain Incorporated, et al., 17cv3311(DLC). The defendants moved to dismiss the above-captioned action on the grounds that it is duplicative of the earlier case on this

Court's docket. Plaintiff opposed, and cross-moved for consolidation of the two cases before this Court. For the reasons that follow, the defendants' motion is granted and the plaintiff's motion is denied.

BACKGROUND

On February 10, 2017, plaintiff Barrington McFarlane brought an employment discrimination suit against Iron Mountain Incorporated, Randy Crego, and Stuart Meyer in New York state court. 17cv3311(DLC) (the "Initial Action"). Defendants removed the case on April 4, 2017 and answered on April 11. In their answer, the defendants noted that "Plaintiff was an employee of Iron Mountain Management Services, Inc., a related entity of Iron Mountain Incorporated." Plaintiff's ensuing motion to remand the case to state court was denied on June 22. McFarlane v. Iron Mountain Incorporated, 2017 WL 2703575, 17cv3311(DLC) (S.D.N.Y. June 22, 2017).

A Pretrial Scheduling Order was filed after an initial conference was held with the parties on August 18. Fact discovery was scheduled to close on January 26, 2018. The Order also stated: "No additional parties may be joined or pleadings amended after September 8." On August 24, 2017, in accordance with the Pretrial Scheduling Order, the plaintiff filed an amended complaint ("Amended Complaint"). The Amended Complaint

added new legal claims, but did not name Iron Mountain Management Services, Inc. as a defendant. Defendants answered on September 5, again noting "Iron Mountain Incorporated was not the employer of Plaintiff and therefore is improperly named as a defendant in this action. Plaintiff's employer was Iron Mountain Information Management Services, Inc."

On November 30, plaintiff sought leave of the Court to file an additional amended complaint to "reflect the true name of the defendant." The Court noted that "the time to amend without a showing of good cause expired on September 8, 2017. This letter does not explain why the corporate defendant's name was not corrected in an amended pleading on or before September 8, 2017." Thereafter, plaintiff did not attempt to show cause why the Amended Complaint did not name the correct corporate defendant.

Plaintiff filed the above-captioned case in New York state court on or about December 6, 2017 (the "Second Action"). The complaint names Iron Mountain Information Management Services, Inc. as a defendant, as well as Mr. Crego and Ms. Meyer. It also introduces two additional claims separate from those which are also found in the Amended Complaint: one claim under the New York State Human Rights Law, and one claim for "constructive discharge." The complaint omits one of the claims that was added in the Amended Complaint. Defendants removed the Second

3

Action on December 12. This Court accepted the Second Action as related to the Initial Action on December 14.

Defendants moved to dismiss the Second Action on January 5, 2018. In his February 2 opposition to the motion, the plaintiff seeks consolidation of the Initial Action with the Second Action and an opportunity to take additional discovery of claims made in the two actions. The motion to dismiss became fully submitted on February 9.

DISCUSSION

A "district court may stay or dismiss a suit that is duplicative of another federal court suit." New Phone Co., Inc. v. City of New York, 498 F.3d 127, 129 (2d Cir. 2007) (citation omitted). "The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the comprehensive disposition of litigation." Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (citation omitted). "[P]laintiffs may not file duplicative complaints in order to expand their legal rights." Id. at 140. District courts may dismiss duplicative lawsuits that are filed in an attempt to extend discovery or for the purpose of circumventing amendment deadlines. See id.

"Duplicative" complaints are those which plead claims that "aris[e] out of the same events." Id. Similarly, a complaint is duplicative if the first complaint could have alleged the

4

same claims as the new, separately filed complaint, because the claims arise out of events that occurred prior to the filing of the first complaint.  Id.  Plaintiffs may not evade amendment deadlines by filing separate lawsuits that plead claims that were not timely raised in the initial suit.  Id.

Plaintiff's filing of the Second Action is a clear attempt to avoid the consequences of his failure to comply with the case management schedule in the Initial Action and with the Federal Rules of Civil Procedure.  Plaintiff concedes that he failed to name the proper defendant in the Initial Action, yet he provides no explanation for why he failed to cure this defect when filing his Amended Complaint, or why, in his November 30 motion, he failed to show cause for that failure.  Moreover, plaintiff concedes that it "is only a matter of time" before Iron Mountain Incorporated, the improperly named corporate defendant, is dismissed from the Initial Action.

Plaintiff also admits that he has failed to serve one of the individual defendants in the earlier case, Ms. Stuart Meyer.  Again, he offers no reason why he failed to timely serve the defendant, or why he did not make a timely request to extend the time to serve.  The Second Action, then, is also an attempt to revive claims against a defendant that will likely be dismissed from the Initial Action for failure to serve.  See Fed. R. Civ. P. 4(m).

Even though the complaint in the Second Action states additional claims to those in the Amended Complaint, plaintiff could have, and indeed should have, brought those claims either in his original complaint in the Initial Action or in the Amended Complaint. The claims in Second Action all arise out of the same set of facts alleged in the Amended Complaint. The Second Action does not plead any issues arising after the Amended Complaint was filed. As such, plaintiff could have pled all of the new claims brought in the Second Action in either complaint filed in the Initial Action. The Second Action is a thinly-veiled attempt to expand plaintiff's legal rights, evade the Federal Rules and this Court's Orders, and extend discovery.

The plaintiff argues that the Curtis decision is not controlling because he has added a new corporate defendant in the Second Action, and the parties were identical in the two actions addressed in Curtis. See Curtis, 226 F.3d at 136. This attempt to distinguish Curtis is unavailing. Curtis rested its analysis largely on principles of claim preclusion, which apply not only to parties but also to their "privies." Id. at 139 (citation omitted). It is undisputed that Iron Mountain Management Services, Inc. is in privity with Iron Mountain Incorporated.[1] The plaintiff had notice from at least May 2017

---

[1] Defendants in the Initial Action, in their answer, state that Iron Mountain Information Services, Inc. is a "related entity"

6

that Iron Mountain Management Services, Inc., as the plaintiff's employer, was the properly named defendant. He chose to ignore that notice.

The Federal Rules of Civil Procedure, this Court's Individual Practices, and the Court's Orders serve as important tools for litigants to manage their cases, to anticipate their adversaries' case-related activities, and for the Court to administer justice and preserve judicial economy. All parties in this case had ample notice of the procedures, rules, and deadlines that would govern the case. The Court cannot condone blatant evasion of well-established process, even if it may mean that a party will not be able to litigate his claims on the merits.

---

of Iron Mountain Incorporated. Plaintiff has never contested this relationship, or indeed that Iron Mountain Management Services, Inc. is the proper corporate defendant. See Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A., 53 F.3d 359, 367–38 (2d Cir. 1995) ("In its modern form, the principle of privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion.").

CONCLUSION

The defendants' January 5 motion to dismiss is granted. The plaintiff's February 2 motion to consolidate cases 17cv3311 and 17cv3979 is denied. The Clerk of Court shall enter judgment for the defendants and close the above-captioned case.

Dated: New York, New York
       February 16, 2018

_____
DENISE COTE
United States District Judge